v.

**REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and L.P.L., Inc., Appellees–Employer.**

No. 93A02–1007–EX–718.

Court of Appeals of Indiana.

Dec. 10, 2010.

Rehearing Denied Feb. 17, 2011.

Abhishek Chaudhary, Adam Mueller, Indiana Legal Services, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephanie Rothenberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

KIRSCH, Judge.

G.D. appeals from the denial of his motion to reinstate his appeal from an adverse determination of his claim for unemployment benefits. The reinstatement of his appeal was denied by the Director of Unemployment Insurance Appeals ("Director") and subsequently affirmed by the Review Board of the Department of Workforce Development ("Review Board"). The following issue is presented for our review: whether the Review Board abused its discretion by adopting the findings and conclusions of the Director, thereby affirming the denial of the motion to reinstate G.D.'s appeal.

We reverse and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

G.D. was terminated from his employment and sought unemployment benefits thereafter. On November 30, 2009, a Department of Workforce Development ("DWD") claims deputy issued a determination of eligibility notice finding that G.D. was discharged for good cause and that his benefits should be suspended. G.D. received instructions for appealing the adverse determination, and he timely filed his notice of appeal seeking appellate review of the initial determination of his ineligibility for benefits. His appeal was marked as received by the DWD on December 7, 2009.

On February 18, 2010, the DWD mailed a Notice of Hearing to all the parties in the case. The notice provided information concerning the date and time of the telephonic hearing, March 18, 2010, and it instructed G.D. to return the participation slip with his phone number to the DWD. On March 22, 2010, the administrative law judge ("ALJ") assigned to G.D.'s case issued a Notice of Dismissal of the appeal due to G.D.'s failure to participate in the previously-scheduled appeal hearing. The Notice of Dismissal, in relevant part, contained the following statement:

> The party who requested the appeal failed to participate in the appeal hearing scheduled on Thursday, March 18, 2010. The Administrative Law Judge, therefore, dismissed the appeal. The [DWD claims] deputy's determination will become final unless the party requesting the appeal files a written request for reinstatement within seven days from the mailing date of this No-

tice. Requests for reinstatement must show good cause why the appeal should be reinstated.

*Appellant's App.* at 24.

The DWD hearing record included docket notes stating the following:

> appealing party failed to return any ack [sic] sheet or provide a contact # ; contacted E's rep . . . and informed E of the dismissal. . . .

*Id.* at 21. On March 22, 2010, G.D. wrote a letter to the Unemployment Insurance Appeals requesting a reinstatement of his appeal. He wrote, "I faxed the form of 'I will participate' but UI Appeals never received it [sic]." *Id.* at 25.

On April 29, 2010, the Director denied G.D.'s request for reinstatement, ruling that G.D. did not show good cause why the appeal should be reinstated, and cited to 646 Indiana Administrative Code 3–12–4, which provides that, if a party fails to appear at a hearing and applies within seven days showing good cause why the case should be reinstated, the case shall be reinstated. The Director's notice of denial of reinstatement of appeal included the provision that G.D. had eighteen days to appeal the Director's decision to the Review Board and stated the following:

> The administrative law judge dismissed the appeal because the Claimant, the party requesting the hearing, did not appear. The administrative law judge mailed the dismissal on Monday, March 22, 2010, and the Claimant applied for reinstatement on Monday, March 22, 2010. Since the appealing party has not shown good cause why the case should be reinstated, the request for reinstatement is **DENIED.**

*Id.* at 26 (emphasis in original).

On May 5, 2010, G.D. wrote a letter to the Review Board, appealing the denial of his request for reinstatement of his appeal.

Included in his letter was the following statement:

> I did fax the form "I will participate" but the Judge did not receive it . . . I want to participate in the hearing. I have documentation. I have good cause!! I faxed the form. Now I come into the office to be safe!

*Id.* at 3. The Review Board issued its decision on January 14, 2010, holding that it "adopts and incorporates by reference the findings of fact and conclusion of law of the Administrative Law Judge's decision." *Id.* at 2. G.D. now appeals.

## DISCUSSION AND DECISION

Indiana's Unemployment Compensation Act provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind.Code § 22–4–17–12(a). When the Review Board's decision is challenged as contrary to law, a court on review is limited to a two-part inquiry into: (1) the sufficiency of the facts found to sustain the decision; and (2) the sufficiency of the evidence to sustain the findings of facts. I.C. § 22–4–17–12(f). Under this standard, courts are called upon to review (1) determinations of specific or "basic" underlying facts, (2) conclusions or inferences from those facts, sometimes called "ultimate facts," and (3) conclusions of law. *See McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998). The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board's findings. *Id.* The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* As such, they are typically re-

viewed to ensure that the Review Board's inference is "reasonable" or "reasonable in light of [the Board's] findings." *Id.* at 1318. Legal propositions are reviewed for their correctness. *Id.*

G.D. challenges as contrary to law the Review Board's order affirming the Director's denial of his motion to reinstate his appeal. The Review Board did not hold a hearing and did not receive additional evidence in reaching its determination. Instead, the Review Board adopted and incorporated by reference the findings of fact and conclusion of law of the ALJ.

The above findings of fact and conclusions thereon are sparse at best given the specificity required by 646 Indiana Administrative Code 3–12–6, which provides as follows:

> The decision of the administrative law judge shall contain conclusions of law supported by specific findings of fact. The decision shall be in writing and shall be signed by the administrative law judge. Copies shall be sent to the parties named, their representatives or attorneys in the appeal, and to the claim holding office.

Furthermore, regarding the decision of the Review Board, 646 Indiana Administrative Code 3–12–9(a) provides as follows:

> The review board shall, as promptly as possible, issue a decision with conclusions of law supported by specific findings of fact. The decision shall be in writing and shall be signed by the members of the review board who heard the appeal.

Nonetheless, we examine the findings and conclusions before us.

The Director and the Review Board concluded that G.D. failed to show good cause for reinstatement of his appeal. In G.D.'s motion to reinstate his appeal filed with the Director, he included the following

statement: "I faxed the form of I will participate' but UI Appeals never received it [sic]." *Id.* at 25. G.D.'s appeal to the Review Board from the denial of his motion to reinstate his appeal included the following statement:

> I did fax the form "I will participate" but the Judge did not receive it ... I want to participate in the hearing. I have documentation. I have good cause!! I faxed the form. Now I come into the office to be safe!

*Id.* at 3.

646 Indiana Administrative Code 3–12–8(b) provides that "each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing." Here, the Review Board had before it the Director's denial of G.D.'s motion to reinstate his appeal and G.D.'s application for appeal from that denial which included the statement above. The Review Board adopted the findings of fact and conclusions thereon of the ALJ who dismissed the appeal for G.D.'s failure to participate in the hearing. As we see it, there is nothing in the record to support the Director's or the Review Board's decisions to deny G.D.'s motion to reinstate his appeal based upon the lack of showing of good cause.

When good cause for the reinstatement of an appeal is shown, "the same shall be reinstated." 646 Ind. Admin. Code 3–12–4(e). G.D. claims that he sent via facsimile his notice that he would participate in the appeal from the adverse determination regarding his eligibility for benefits. The Review Board says that the facsimile was not received. Thus, we are presented with a factual dispute.

In the absence of an evidentiary hearing during which an ultimate determination of basic or ultimate facts on this issue is made, we are unable to determine whether

G.D. made substantial efforts to comply with the requirement that he return the participation slip with his telephone number. Accordingly, we remand this matter to the Review Board for further proceedings, and instruct the Review Board to conduct a hearing limited to the issue of whether G.D. made substantial efforts to comply with the requirement that he return the participation slip with his telephone number in order to obtain his hearing.

Reversed and remanded for further proceedings consistent with this opinion.

RILEY, J., and BAILEY, J., concur.